# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

MARVIN ANTHONY MATTHEWS,    )
           )
    Petitioner,         )    C. C. A. NO. 02C01-9712-CC-00465
           )
vs.           )    LAUDERDALE COUNTY
           )
ALTON HESSON, WARDEN,    )    Nos. 5021, 5022
           )
    Respondent.    )

**FILED**

**March 10, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. The petitioner was indicted on one count of third degree burglary in May 1984, and he subsequently pled guilty to the same. The petitioner has since filed a petition for writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.[1]

On appeal, the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offense and that his conviction, therefore, cannot stand. At the time of the offense in this case, third degree burglary was defined as "the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony." T.C.A. § 39-3-404 (1982). The indictment at issue before us charged that the petitioner

> did commit the offense of burglary in the 3rd degree by unlawfully, feloniously and burglariously breaking into and entering THE BUSINESS HOUSE OF HALLMARK BUILDERS, INC., A CORPORATION with intent to unlawfully, feloniously and burglariously to steal, take and carry away

---

[1] The petitioner filed two petitions for writs of habeas corpus in the trial court challenging the sufficiency of the indictment in two separate cases, a 1984 third degree burglary conviction and a 1988 larceny conviction. The trial court denied relief in each instance and the petitioner filed notice of appeal from both judgments. The records were transmitted to this Court and consolidated under the same docket number. In his appellate brief, however, the petitioner only addresses the third degree burglary case. Accordingly, he has waived any issues pertaining to the larceny matter. Nonetheless, we have reviewed the entire record on appeal and we find no reversible error in the larceny case.

the personal property therein contained, the proper goods and chattels of HALLMARK BUILDERS, INC., A CORPORATION.

This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in T.C.A. § 40-1802 (now § 40-13-202 (1997)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the petitioner of the offense charged under the law at the time, and is therefore valid.

The petitioner seems to suggest that the omission of the statutory language "or any other house of another, other than dwelling house" voids his conviction. What the petitioner fails to realize, however, is that the statute classifies those buildings or houses which are subject to third degree burglary. The indictment in this case charged the petitioner with breaking and entering a building or house specifically classified by the statute, i.e., a business house. The language the petitioner claims should have been included in the indictment simply defines the other types of buildings or houses belonging to the protected class. The petitioner was not charged with breaking and entering into any other building or house of another. Accordingly, the petitioner's argument is without merit.

Having reviewed the entire record on appeal, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of March, 1998.

2

_____
DAVID G. HAYES, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE